FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 2 9 2005 (a)

at _10_ o'clock and _40_ min. _A_ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

UNITED STATES OF AMERICA,    )    Cr. No. 98-00591 SOM
                             )    Civ. No. 04-00488 SOM/LEK
            Plaintiff,       )
                             )    ORDER DECLINING TO INDICATE
      vs.                    )    WILLINGNESS TO ENTERTAIN A
                             )    RULE 60(b)(3) MOTION
STEVEN BERNARD BROOKS,       )
                             )
            Defendant.       )
_____)

ORIGINAL

ORDER DECLINING TO INDICATE WILLINGNESS
TO ENTERTAIN A RULE 60(b)(3) MOTION

On April 18, 2000, a jury convicted Defendant Steven
Bernard Brooks of knowingly and intentionally distributing
crystal methamphetamine and of conspiring to distribute
controlled substances in violation of §§ 841(a)(1), 841(b)(1)(A),
and 846 of Title 21 of the United States Code. Brooks appealed
his conviction and sentence to the Ninth Circuit, which affirmed
this court in a memorandum disposition on numerous grounds. See
United States v. Brooks, No. 01-10282 (May 15, 2003).

On August 9, 2004, Brooks filed a § 2255 petition
("Petition"). On December 22, 2004, this court denied the
Petition, and, on February 7, 2005, this court denied his motion
for reconsideration. Brooks then filed an appeal to the Ninth
Circuit, which is still pending.

On December 22, 2005, Brooks filed a motion that asks
this court to indicate a willingness to entertain a Rule 60(b)(3)
motion under the procedure set forth in Williams v. Woodford, 384

F.3d 567 (9th Cir. 2004).  Brooks's request is based on the allegation that his former attorney, Milton Grimes, was convicted of having willfully failed to file a tax return in the late 1980s.  Brooks says that this conviction indicates that the Government perpetrated a fraud on the court that justifies relief under Rule 60(b)(3) of the Federal Rules of Civil Procedure.

The court is not willing to indicate that it will hear or grant Brooks's proposed Rule 60(b)(3) motion.  The supposed "fraud" the Government committed on this court was its representation that Grimes had denied being a "tax cheat."[1] That representation is irrelevant to this court's denial of the Petition.  Brooks pursued only two issues raised in his Petition. Whether Grimes was a "tax cheat" based on a conviction in the late 1980s had nothing to do with either issue.  First, it is irrelevant to this court's determination that <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), is not retroactive.  Second, it is irrelevant to this court's determination that Brooks waived

---

[1] The Government's statement that "Milton Grimes has unequivocally denied being a . . . tax cheat" was based entirely on Grimes's October 28, 2004, declaration.  <u>See</u> Opposition to Petition (Nov. 3, 2004) at 34.  That declaration detailed Grimes' relationship with Landmark in 1997.  <u>See</u> Declaration of Milton Grimes (Oct. 28, 2004).  It is in this context that the Government noted that Grimes had denied being a "tax cheat." Grimes did not deny having been convicted of failing to file a tax return, and the Government made no representation as to convictions.

any conflict of interest arising out of Grimes's involvement with Landmark beginning in or about January 1997. <u>See</u> Transcript of Proceedings (Jan. 29, 1999) at 4; Declaration of Milton Grimes (Oct. 28, 2004) ¶ 5.

The court is therefore unwilling to indicate to the Ninth Circuit that it would entertain or grant Brooks's proposed Rule 60(b)(3) motion.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, December 29, 2005.

SUSAN OKI MOLLWAY
UNITED STATES DISTRICT JUDGE

<u>United States v. Brooks</u>; Civ. No. 04-00488 SOM/LEK; Cr. No. 98-00591 SOM; ORDER DECLINING TO INDICATE WILLINGNESS TO ENTERTAIN A RULE 60(b)(3) MOTION